# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

## CR 12 0217

### UNITED STATES OF AMERICA,

### V.

**FILED**
2012 MAR 27 P 3:48
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**EMC**

### ROY LIN
### and
### JOHN LIN



### DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1341- Mail Fraud
18 U.S.C. § 1349- Conspiracy to Commit Mail Fraud
18 U.S.C. § 1957- Money Laundering

A true bill.

_____ Foreman

Filed in open court this __27__ day of
__March 2012__.

_____ Clerk

Bail, $ _no bail arrest warrants as to both defendants_

NATHANAEL COUSINS
United States Magistrate Judge

PER 18 U.S.C. 3170

FILED
MAR 27 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ INFORMATION ☑ INDICTMENT

Matter Sealed: ☐ Juvenile ☑ Other than Juvenile
☐ Pre-Indictment Plea ☐ Superseding ☐ Defendant Added
☑ Indictment ☐ Charges/Counts Added
☐ Information

Name of District Court, and/or Judge/Magistrate Location (City)
UNITED STATES DISTRICT COURT
DISTRICT OF Northern California
San Francisco Divisional Office

Name and Office of Person Furnishing Information on THIS FORM: MELINDA HAAG
☐ U.S. Atty ☐ Other U.S. Agency
Phone No. (415) 436-7200

Name of Asst. U.S. Attorney (if assigned): Hallie Mitchell

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
Postal Inspection Service; Internal Revenue Service

☐ person is awaiting trial in another Federal or State Court (give name of court)

☐ this person/proceeding transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Atty ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant. (Notice of Related Case must still be filed with the Clerk.)

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

SHOW DOCKET NO.

MAG. JUDGE CASE NO.

Place of offense: Northern District of CA County San Francisco

CASE NO.

USA vs.
Defendant: Roy LIN

Address:

CR 12 0217 EMC

☐ Interpreter Required Dialect: _____

Birth Date _____ ☑ Male ☐ Female ☐ Alien (if applicable)

Social Security Number _____

## DEFENDANT

Issue: ☑ Warrant ☐ Summons

Location Status:
Arrest Date _____ or Date Transferred to Federal Custody _____

☐ Currently in Federal Custody
☐ Currently in State Custody
  ☐ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): _____
☐ FPD ☐ CJA ☐ RET'D
☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

## OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts 10

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| | See Attachment | | |
| | | | |
| | | | |
| | | | |
| | | | |

PER 18 U.S.C. 3170

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ INFORMATION  ☑ INDICTMENT

Matter Sealed: ☐ Juvenile  ☑ Other than Juvenile
☐ Pre-Indictment Plea  ☐ Superseding  ☐ Defendant Added
☑ Indictment  ☐ Charges/Counts Added
☐ Information

Name of District Court, and/or Judge/Magistrate Location (City)
UNITED STATES DISTRICT COURT
DISTRICT OF Northern California
San Francisco
Divisional Office

Name and Office of Person Furnishing Information on THIS FORM: MELINDA HAAG
☐ U.S. Atty  ☐ Other U.S. Agency
Phone No. (415) 436-7200

Name of Asst. U.S. Attorney (if assigned): Hallie Mitchell

CASE NO.
USA vs.
Defendant: JOHN LIN
Address:

CR 12 0217 EMC

FILED MAR 27 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

☐ Interpreter Required  Dialect: _____
Birth Date _____
☑ Male  ☐ Alien (if applicable)
☐ Female

Social Security Number _____

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
Postal Inspection Service; Internal Revenue Service

☐ person is awaiting trial in another Federal or State Court (give name of court)

☐ this person/proceeding transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Atty  ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant. (Notice of Related Case must still be filed with the Clerk.)

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

MAG. JUDGE CASE NO.

Place of offense: Northern District of CA   County: San Francisco

**DEFENDANT**

Issue: ☑ Warrant  ☐ Summons

Location Status:
Arrest Date _____ or Date Transferred to Federal Custody _____

☐ Currently in Federal Custody
☐ Currently in State Custody
  ☐ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): _____
☐ FPD  ☐ CJA  ☐ RET'D
☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

**OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS**

Total # of Counts: 10

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| | See Attachment | | |
| | | | |
| | | | |
| | | | |

# United States v. John Lin
## Attachment to Penalty Sheet

### MAXIMUM PENALTIES (Each Count)

<u>Count One:</u>    (Title 18, United States Code, Section 1349 – Conspiracy to Commit Mail Fraud)

Imprisonment:         20 years

Fine:                 $250,000 (or twice the value of the property involved in the offense, whichever is greater)

Supervised Release:   3 years

Special Assessment:   $100

Restitution:          To be determined by the Court

<u>Counts Two through Seven</u>:   (Title 18, United States Code, Section 1341 – Mail Fraud)

Imprisonment:         20 years

Fine:                 $250,000 (or twice the value of the property involved in the offense, whichever is greater)

Supervised Release:   3 years

Special Assessment:   $100

Restitution:          To be determined by the Court

<u>Counts Eight through Ten</u>:    (Title 18, United States Code, Section 1957 - Money Laundering)

Imprisonment:         10 years

Fine:                 $250,000     (or twice the amount of the criminally derived property involved in the transaction)

Supervised Release:   3 years

Special Assessment:   $100

Restitution:          To be determined by the Court

MELINDA HAAG (CABN 132612)
United States Attorney



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ROY LIN and<br>JOHN LIN,<br><br>  Defendants. | ) No. CR 12 0217<br>)<br>) VIOLATIONS: 18 U.S.C. § 1349 – Conspiracy<br>) to Commit Mail Fraud; 18 U.S.C. § 1341 – Mail<br>) Fraud; 18 U.S.C. § 1957 – Engaging in<br>) Monetary Transactions Using Criminally<br>) Derived Proceeds; 18 U.S.C. §§ 981 and 982 –<br>) Mail Fraud and Money Laundering Forfeiture<br>)<br>) SAN FRANCISCO VENUE<br>) |

<u>I N D I C T M E N T</u>

The Grand Jury charges:

<u>Introductory Allegations</u>

At all times relevant to this Indictment:

1. Defendants ROY LIN and JOHN LIN were brothers who lived in San Francisco, California, and who owned, controlled, and operated a business in San Francisco known as INC21.com Corporation ("INC21").

2. INC21 purported to be a business providing long distance and Internet-based services.

3. ROY LIN and JOHN LIN operated affiliated and subsidiary companies of INC21, including GlobalYP, MetroYP, Netopus, Jumpage Solutions, and GoFaxer (collectively, the "INC21 companies"). The INC21 companies were California corporations, located at the same

INDICTMENT

address as INC21 in San Francisco, and all were controlled and operated by ROY LIN and JOHN LIN. GlobalYP and MetroYP purportedly provided on-line directory-based information. Netopus purportedly provided web hosting services. Jumpage Solutions purportedly provided a search engine optimization service. GoFaxer purportedly provided an Internet faxing service.

4. INC21 companies had bank accounts controlled by the LINS, at Bank of America in San Francisco, California including a main account ending in xxxxx-xx958. The LINS had other accounts that they controlled at Bank of America in San Francisco, California, including accounts ending in xxxxx-xx889, xxxxx-xx930 and xxxxx-xx740. Bank of America was a Financial Institution as described in 18 U.S.C. § 1956(c)(4).

### Local Exchange Carrier Billing Process

5. INC21 companies billed consumers through the consumers' local telephone companies in a practice known as Local Exchange Carrier (LEC) billing. LEC billing allowed authorized service providers to bill consumers for telecommunication-related services, as well as Internet and other services, through their local telephone companies, or LECs. The LEC received a fee from the service provider for allowing it to use LEC billing.

6. Billing aggregators were independent companies that had separate contractual agreements with the LECs and the service providers. Billing aggregators were assigned Carrier Identification Codes ("CICs") by the LECs which allowed them to access the LEC's billing system on behalf of approved service providers. Billing aggregators submitted sub-CIC applications to the LECs on behalf of each service provider who wanted to use LEC billing. The billing aggregators used information provided to them by service providers - including the company's name, address, principals, and LEC billing history - to complete the sub-CIC applications.

7. The LECs selected which service providers to approve for LEC billing based on their sub-CIC applications. Approved service providers were authorized to bill consumers through the billing aggregator's CIC. An approved service provider became a Sub-CIC entity of the billing aggregator and paid a fee to the billing aggregator for the use of its CIC.

8. Billing aggregators managed billing for their service provider clients. The billing

INDICTMENT 2

aggregator submitted the approved service provider charges to the LEC and the LEC paid the service provider through the billing aggregator when the LEC consumer paid his/her phone bill.

## Unauthorized Complaints against INC21 Companies

9. In 2003 and 2004, consumers complained to the Federal Communications Commission (FCC) that INC21 had switched their long-distance provider to INC21 without authorization. In orders issued in June, September, and October 2004, the FCC found that the charges were unauthorized. Notice of these complaints and orders was provided to INC21.

10. From November 2003 to May 2004, the Ohio Public Utilities Commission (OPUC) received at least seven consumer complaints of unauthorized switches of telephone service by INC21. The OPUC opened a formal investigation and ultimately found that INC21 had switched consumers' telephone service without authorization. INC21 agreed to pay $1000 per violation for any future unauthorized switch.

11. In July 2005, LEC #1 terminated LEC billing for GlobalYP due to excessive complaints of unauthorized charges made by LEC #1's customers against GlobalYP. Notice of this termination was provided to ROY LIN.

12. In September 2006, the Illinois Attorney General filed a complaint against INC21 d/b/a GlobalYP and ROY LIN for unauthorized charges to consumers' phone bills. The lawsuit was settled in December 2006, and as part of the judgment, ROY LIN agreed to pay a fine and to use LEC billing only with express authorization.

13. In 2006 and 2007, the State of Iowa Department of Commerce Utilities Board filed several complaints against GlobalYP and Netopus that resulted in civil fines against GlobalYP and Netopus. Notice of these complaints and fines was provided to ROY LIN.

14. In October 2007, LEC #1 terminated Netopus' LEC billing authorization due to excessive complaints of unauthorized charges made by LEC #1's customers against Netopus. Notice of this termination was provided to ROY LIN.

15. In April 2008, the Missouri Attorney General's Office obtained a consent judgment and permanent injunction against INC21 and GlobalYP for placing unauthorized charges on the phone bills of Missouri consumers. Notice of these sanctions was provided to

INDICTMENT 3

ROY LIN.

16. In August 2008, the Utah Division of Consumer Protection fined Jumpage Solutions for violating the Telephone Fraud Prevention Act and Jumpage Solutions agreed to a cease all telemarketing and/or telephone solicitations in the state of Utah. Notice of this fine and sanction was provided to Jumpage Solutions.

17. In May 2009, LEC #1 terminated Jumpage Solutions' LEC billing authorization due to excessive complaints of unauthorized charges made by LEC #1's customers against Jumpage Solutions. Notice of this termination was provided to ROY LIN.

## Manner and Means of the Scheme to Defraud

18. Beginning in or about October 2004 and continuing through in or about January 2010, ROY LIN and JOHN LIN devised and executed a scheme to defraud LECs, billing aggregators and consumers by making false representations and material omissions in order to get their INC21 companies approved for LEC billing.

19. ROY LIN and JOHN LIN made false representations and material omissions about INC21 companies to billing aggregators knowing that the billing aggregators would submit that false information to LECs on Sub-CIC applications.

20. ROY LIN and JOHN LIN formed new INC21 companies or substituted existing INC21 companies to the LECs on Sub-CIC applications in order to mislead the billing aggregators and LECs regarding the applicant service providers' relationships to INC21 companies and INC21 principals.

21. ROY LIN and JOHN LIN provided false information about the INC21 companies' physical locations to the billing aggregators and LECs.

22. ROY LIN and JOHN LIN provided false information and omitted information about the INC21 companies' affiliations with or connection to other INC21 companies engaged in LEC billing.

23. ROY LIN and JOHN LIN provided false information and omitted information about whether LECs had taken any actions, such as suspension or termination of LEC billing, against an INC21 company, its affiliates, or its principals.

INDICTMENT 4

24. ROY LIN and JOHN LIN provided false information and omitted information about whether state or federal agencies had taken any regulatory actions against an INC21 company, its affiliates, or its principals.

25. ROY LIN and JOHN LIN provided false names and omitted names of current or former principals, officers, and directors of the INC21 companies to the billing aggregators and LECs. For example, ROY LIN and JOHN LIN used the names of their father and mother, neither of whom had any meaningful role at any of the INC21 companies, as nominee officers in order to make it appear to the billing aggregators and LECs that GoFaxer and Netopus were not related to INC21 or to any of the INC21 companies.

26. As a result of ROY LIN and JOHN LIN's material false representations and omissions to billing aggregators and LECs, GlobalYP, MetroYP, Netopus, Jumpage Solutions, and GoFaxer were approved for or allowed continued access to LEC billing.

COUNT ONE: (18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud)

27. Paragraphs 1 through 26 are realleged and incorporated as if fully set forth here.

28. From in or about October 2004 through in or about January 2010, in the Northern District of California and elsewhere, the defendants,

ROY LIN and
JOHN LIN,

did knowingly conspire to devise a material scheme and artifice to defraud billing aggregators, LECs, and consumers and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and material omissions, and did knowingly cause the United States mails and interstate carriers to be used for the purpose of executing this scheme, in violation of 18 U.S.C. § 1341.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWO THROUGH SEVEN: (18 U.S.C. § 1341 - Mail Fraud)

29. Paragraphs 1 through 26 are realleged and incorporated as if fully set forth here.

30. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendants,

INDICTMENT                                5

ROY LIN and
JOHN LIN,

did knowingly and intentionally devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions of material facts, and, for the purpose of executing such scheme and artifice, did knowingly cause the following items to be sent and delivered by the United States Postal Service and by interstate carriers:

|  |  |  |
|---|---|---|
| TWO | April 17, 2007 | Jumpage Solutions' Sub-CIC application for LEC #2 via billing aggregator |
| THREE | February 7, 2008 | GlobalYP's Sub-CIC application for LEC #3 via billing aggregator |
| FOUR | July 21, 2008 | GoFaxer.com's Sub-CIC update form for LEC #1 via billing aggregator |
| FIVE | July 21, 2008 | GoFaxer.com's Sub-CIC application for LEC #3 via billing aggregator |
| SIX | August 14, 2008 | GoFaxer.com's Sub-CIC application for LEC #4 via billing aggregator |
| SEVEN | August 14, 2008 | GlobalYP's Sub-CIC application for LEC #5 via billing aggregator |

Each in violation of Title 18, United States Code, Section 1341.

<u>COUNTS EIGHT THROUGH TEN:</u> (18 U.S.C. § 1957- Engaging in Monetary Transactions in Criminally Derived Property)

31. Paragraphs 1 through 26 and Counts One through Seven are realleged and incorporated as if fully set forth here.

32. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendants,

ROY LIN and
JOHN LIN,

did knowingly engage in a monetary transaction by, through, and to a financial institution,

INDICTMENT                                    6

namely Bank of America, in and affecting interstate commerce, involving criminally derived property of a value greater than $10,000, said property having in fact been derived from a specified unlawful activity, namely, mail fraud, as set forth below:

|  |  |  |
|---|---|---|
| EIGHT | March 31, 2007 | $200,000 transfer from Bank of America account xxxxx-xx958 to Bank of America account xxxxx-xx889 |
| NINE | August 27, 2007 | $500,000 transfer from Bank of America account xxxxx-xx958 to Bank of America account xxxxx-xx930 |
| TEN | June 6, 2008 | $260,000 transfer from Bank of America account xxxxx-xx958 to Bank of America account xxxxx-xx740 |

Each in violation of Title 18, United States Code, Section 1957.

FIRST FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 – Forfeiture of Proceeds of Mail Fraud )

33. The allegations contained in Counts One through Seven of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C).

34. Upon a conviction for any of the offenses alleged in Counts Two through Seven, the defendants,

ROY LIN and
JOHN LIN,

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to said offense.

35. If, as a result of any act or omission of the defendants, any of said property
  a. cannot be located upon the exercise of due diligence;
  b. has been transferred or sold to or deposited with, a third person;
  c. has been placed beyond the jurisdiction of the Court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property which cannot be divided without

INDICTMENT  7

difficulty;

any and all interest defendants have in any other property, shall be forfeited to the United States pursuant to Title 18, United States Code, Section 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461.

SECOND FORFEITURE ALLEGATION: (18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture)

36. The factual allegations contained in Counts Eight through Ten of this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

37. Upon a conviction of any of the offenses alleged in Counts Eight through Ten, the defendants,

>ROY LIN and
>JOHN LIN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all right, title, and interest in property, real and personal, involved in said violations, or any property traceable to such property, including but not limited to the following:

 a. all commissions, fees, and other property constituting proceeds of said offenses;

 b. all property used in any manner to commit or to facilitate the commission of said offenses; and

 c. a sum of money equal to the total amount of money involved in the commission of said offenses.

41. If, as a result of any act or omission of the defendant, any of said property

 a. cannot be located upon the exercise of due diligence;

 b. has been transferred or sold to or deposited with a third person;

 c. has been placed beyond the jurisdiction of the Court;

 d. has been substantially diminished in value; or

 e. has been commingled with other property which cannot be divided without difficulty;

any and all interest the defendant has in any other property, up to the value of the property

INDICTMENT   8

described in paragraph 15 above, shall be forfeited to the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

Each in violation of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), 1341, 1343, 1349; Title 28, United States Code, Section 2461; and Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: March 27, 2012

A TRUE BILL

_____
FOREPERSON

MELINDA HAAG
United States Attorney

_____
MIRANDA KANE
Chief, Criminal Division

(Approved as to form: _____)
AUSA Hallie Mitchell

INDICTMENT                                      9